

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00848-CV

John Michael **HERRMANN** and Conchita Henares Herrmann,
Appellants

v.

**CREDIT UNION OF TEXAS**,
Appellee

From the 456th District Court, Guadalupe County, Texas
Trial Court No. 24-2744-CV-C
Honorable William D. Old III, Judge Presiding

PER CURIAM

Sitting:      Adrian A. Spears II, Justice
              H. Todd McCray, Justice
              Velia J. Meza, Justice

Delivered and Filed: February 26, 2025

DISMISSED FOR WANT OF JURISDICTION

John Michael Herrmann and Conchita Henares Herrmann ("the Herrmanns") appeal from the trial court's December 10, 2024 order granting Credit Union of Texas's application for an expedited court order allowing foreclosure of a lien securing a home equity loan pursuant to Texas Rule of Civil Procedure 736. On January 8, 2025, Credit Union of Texas filed a motion to dismiss this appeal for want of jurisdiction. On January 17, 2025, the Herrmanns filed a Motion to Permit Non-Conformance, requesting this court allow them to file a response in excess of the

maximum length. On January 23, 2025, the Herrmanns filed their response. We grant the Hermanns' Motion to Permit Non-Conformance and have reviewed their response.

Credit Union of Texas's motion to dismiss is based on the plain language of Rule 736, which expressly disallows appeals from orders allowing foreclosure under that rule:

> An order granting or denying the application [under Rule 736] is not subject to a motion for rehearing, new trial, bill of review, or appeal. Any challenge to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction.

TEX. R. CIV. P. 736.8(c). Thus, pursuant to Rule 736.8(c), an order granting an application under Rule 736 is not subject to appeal. *See Parson v. U.S. Bank Nat'l Ass'n*, No. 05-14-01586-CV, 2019 WL 4316463, at *1 (Tex. App.—Dallas Sept. 12, 2019, no pet.); *Rodriguez v. US Home Ownership LLC*, No. 04-15-00347-CV, 2015 WL 4479766, at *1 (Tex. App.—San Antonio July 22, 2015, no pet.); *Grant-Brooks v. FV-1, Inc.*, 176 S.W.3d 933 (Tex. App.—Dallas 2005, pet. denied). Although the Herrmanns have filed a response to the motion to dismiss, they fail to demonstrate how this court has jurisdiction over this appeal. Accordingly, we grant Credit Union of Texas's motion and dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM